UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| MARIANNE BURNS,                      ) |   |                          |
|     Plaintiff,   ) |   |                          |
|                                      ) |   |                          |
| v.                                   ) |   | C.A. No. 17-513-JJM-LDA |
|                                      ) |   |                          |
| U-HAUL OF PROVIDENCE, alias,         ) |   |                          |
| and JERRY H. GWYN,                   ) |   |                          |
|     Defendants.  ) |   |                          |

# ORDER

Pursuant to 28 U.S.C. § 1447(c), Marianne Burns seeks to have her case remanded to the Rhode Island Superior Court where it was originally filed, claiming that this Court lacks subject matter jurisdiction. ECF No. 7.

Ms. Burns alleges that she sustained personal injuries from an automobile collision with a vehicle driven by Defendant Jerry H. Gwyn that was rented from Defendant U-Haul of Providence. Her state court complaint alleges only state law claims. There is no diversity of citizenship among the parties. The sole basis upon which U-Haul removed this case to federal court was an assertion of federal question jurisdiction: specifically, that this Court has subject matter jurisdiction because the Graves Amendment to the Federal Transportation Equity Act, 49 U.S.C. § 30106(a), preempts Ms. Burns' state law claims.

This Court need only turn to United States Supreme Court precedent to determine it lacks subject matter jurisdiction over this case:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent

diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Ordinarily federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint. Before 1887, a federal defense such as pre-emption could provide a basis for removal, but, in that year, Congress amended the removal statute. We interpret that amendment to authorize removal only where original federal jurisdiction exists. *See* Act of Mar. 3, 1887, ch. 373, 24 Stat. 552, as amended by Act of Aug. 13, 1888, ch. 866, 25 Stat. 433. Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 12 (1983).

There does exist, however, an "independent corollary" to the well-pleaded complaint rule, *id.* at 22, known as the "complete pre-emption" doctrine. On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987). Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. *See Franchise Tax Bd.*, 463 U.S. at 24 ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").

The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the [Labor Management Relations Act].

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987) (footnotes omitted).[1]

No federal question is presented on the face of Ms. Burns' complaint. Only state law claims, common law and statutory, are asserted in the complaint. The only interjection of a federal question comes in U-Haul's anticipated assertion of a federal statute as a defense. "Normally, federal *defenses* including preemption do not by themselves confer federal jurisdiction over a well-pleaded complaint alleging only violations of state law." *Hotz v. Blue Cross & Blue Shield of Mass., Inc.*, 292 F.3d 57, 59 (1st Cir. 2002) (citing *Franchise Tax Bd.*, 463 U.S. at 9–10, 25–27). U-Haul does not assert complete preemption. Instead it asserts that "it is the interpretation of federal law—not state law—that will be critical to the resolution of this case." ECF No. 13 at 2. But the Supreme Court has decided that even where "the federal defense is the only question truly at issue," a federal defense does not provide a basis for removal to federal court. *Caterpillar*, 482 U.S. at 393.

Accordingly, Plaintiff's Motion to Remand this case to the Rhode Island Superior Court (ECF No. 7) is GRANTED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

January 2, 2018

---

[1] The Court has also reformatted internal citations for consistency and to aid the reader.